19-2865-cv
*Kelly v. Hartford Fin. Services Grp., Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of July, two thousand twenty.

PRESENT:   JOSÉ A. CABRANES,
           RAYMOND J. LOHIER, JR.
           STEVEN J. MENASHI,
                      *Circuit Judges.*

---

BRYAN KELLY,

        *Plaintiff-Appellant,*                              19-2865-cv

        v.

HARTFORD FINANCIAL SERVICES GROUP, INC.,

        *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:          James V. Sabatini, Sabatini and Associates, LLC, Newington, CT.

FOR DEFENDANT-APPELLEE:           Sheldon D. Myers, Kainen, Escalera & McHale, P.C., Hartford, CT.


Appeal from a judgment of the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Bryan Kelly ("Kelly") appeals from an August 29, 2019 judgment of the District Court granting the motion for summary judgment of Defendant-Appellee Hartford Financial Services Group, Inc. ("Defendant") in this action alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A.

"We review *de novo* a district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all inferences and resolving all ambiguities in favor of the nonmoving party." *Doro v. Sheet Metal Workers' Int'l Ass'n*, 498 F.3d 152, 155 (2d Cir. 2007). We will affirm an order granting summary judgment "only when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Riegel v. Medtronic, Inc.*, 451 F.3d 104, 108 (2d Cir. 2006); *see also* Fed. R. Civ. P. 56(a).

"FMLA claims come in at least two varieties: interference and retaliation." *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 166 (2d Cir. 2017). Kelly sought to recover under both theories. The District Court granted Defendant summary judgment on both claims. We address each in turn.

B.

The District Court rejected Kelly's interference claim because it concluded that Kelly never properly applied through Defendant's established procedures for a second FMLA leave. *See* 29 C.F.R. § 825.302(d); *see also Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016). Kelly alleges that on October 27, 2015 he informally and verbally notified his managers of his wife's second pregnancy and his intent to take FMLA leave approximately eight months later. It is not disputed, however, that in the nearly six months between this alleged notice and his alleged constructive termination, Kelly never once applied for leave through the established procedures. Nor does Kelly point to any "unusual circumstances" that precluded him from applying through those procedures. 29 C.F.R. § 825.302(d). Under the circumstances presented on appeal, we conclude that Defendant did not deny Kelly any benefit to which he was entitled under the FMLA. Nor does the record otherwise support a conclusion that Defendant interfered with an attempted exercise of Kelly's rights under that statute.

## C.

Kelly also alleges that Defendant unlawfully retaliated against him in violation of the FMLA. The District Court held, and the parties do not dispute, that this claim is subject to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See Graziadio*, 817 F.3d at 429.

In support of his retaliation claim, Kelly identifies negative annual reviews (from 2014 and 2015), discipline (including verbal and written warnings), and constructive termination as adverse employment actions taken against him in retaliation for exercising his FMLA rights, namely, taking six weeks of leave beginning in September 2014 and informally seeking leave in October 2015. The District Court assumed *arguendo* that Kelly did not voluntarily resign his position and that the verbal and written warnings complained of constituted adverse employment actions. It then concluded that Kelly had stated a *prima facie* case; Defendant offered legitimate, non-discriminatory reasons for its actions—*i.e.*, Kelly's well-documented and long-running behavioral and performance issues, which began prior to any FMLA request or leave; and that Kelly failed to offer evidence to sustain his ultimate burden of showing that the proffered explanations were pretextual. Accordingly, the District Court granted Defendant's summary judgment motion. For substantially the reasons set forth in the District Court's thorough August 29, 2019 Opinion and Order, we affirm.

## CONCLUSION

We have reviewed all the arguments raised by Kelly on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 29, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk